**\*\* E-filed July 12, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EMILY CONTRERAS, et al., | No. C10-00953 RMW (HRL) |
| Plaintiffs, | **ORDER RE: APPLICATION FOR ORDER SETTING IN CAMERA INSPECTION OF DEFENDANTS' PERSONNEL AND INTERNAL AFFAIRS FILES** |
| v. | |
| CITY OF SAN JOSE, et al., | |
| Defendants. | **[Re: Docket No. 41]** |

Emily Contreras and Jose Lua, Sr. (collectively, "Plaintiffs") sued the City of San Jose, former San Jose Police Chief Robert Davis, and San Jose Police Officers Eric Bachmann and Patrick Lynch (collectively, "Defendants"[1]) for civil rights violations arising out of the death of their son, Richard Lua. See Docket No. 5 ("First Amended Complaint"). To prosecute their case, Plaintiffs seek to discover documents related to complaints of misconduct and/or internal affairs investigations into allegations of misconduct by Defendants. Docket No. 41 ("Stipulation") at 2. Defendants object to disclosing these documents and apparently "asserted a number of privileges including the Official Information Privilege under California Evidence Code Sections 1040 and 1043 as well as privileges under federal law." Id. So, "[i]n an effort to resolve this discovery dispute without [the] need for a motion to compel, [the parties'] counsel . . . stipulated to an *in camera*

---

[1] Plaintiffs also named Genevieve Black as a nominal defendant for procedural reasons. See Docket No. 5 ("First Amended Complaint") at 3.

1  inspection for [a] judicial determination regarding [the] disclosure of those categories of documents
2  sought" by Plaintiffs. Id.

3  The parties' stipulation is problematic for two reasons. First, it lists the discovery requests at
4  issue, but it does not provide Defendants' objections, leaving the Court to guess which of the
5  "number of privileges" they have asserted and how they may or may not apply. Second, because the
6  parties filed a stipulation rather than a Discovery Dispute Joint Report, they did not provide the
7  Court with any legal authority[2] or argument to assist the Court in "mak[ing] [an] order for
8  production of those files/documents which the Court deems are relevant and pertinent to Plaintiffs'
9  claims, and not outweighed by [D]efendants' right[s] to privacy and/or confidentiality," as the
10 parties request.

11 The Court declines the parties' stipulated invitation to conduct an *in camera* review. Instead,
12 since this is a civil discovery dispute, the parties shall comply with this Court's Standing Order re:
13 Civil Discovery Disputes. After doing so, should any disputed issues remain, the parties may file a
14 Discovery Dispute Joint Report and may submit for an *in camera* inspection documents that are
15 relevant to it.

17 **IT IS SO ORDERED.**
18 Dated: July 12, 2011

19 _____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] See, for example, this Court's own recent order discussing the production of an internal affairs file by the City of San Jose. See Harper v. City of San Jose, No. C09-05758 EJD (HRL), Docket No. 51 (Mar. 17, 2011).

2

**C10-00953 RMW (HRL) Notice will be electronically mailed to:**

| | |
|---|---|
| Dale Kristopher Galipo | dalekgalipo@yahoo.com, ericvalenzlaw@yahoo.com, jfattahi@gmail.com, lperry@galipolaw.com, mpartow@galipolaw.com |
| Richard D. North | cao.main@sanjoseca.gov, richard.north@sanjoseca.gov |
| Vicki Ingrid Sarmiento | vsarmiento@vis-law.com, mgarcia@vis-law.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**