1

** E-filed November 23, 2011**

2

3

4

5

6

7                                    NOT FOR CITATION

8                 IN THE UNITED STATES DISTRICT COURT

9                FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11  EMILY CONTRERAS and JOSE LUA,          No. C10-00953 RMW (HRL)
    individually and as Administrators of the
12  Estate of Richard Lua,                 **ORDER RE DISCOVERY DISPUTE
                                           JOINT REPORT**
13              Plaintiffs,
         v.                                **[Re: Docket No. 43]**
14
    CITY OF SAN JOSE; CHIEF ROBERT
15  DAVIS; OFFICER ERIC BACHMANN;
    OFFICER PATRICK LYNCH,
16  GENEVIEVE BLACK and DOES 1 to 10,
                 Defendants.
17  _____/

18          In March of 2010, plaintiffs Emily Contreras and Jose Lua filed the instant § 1983 action

19  against the City of San Jose and various police officers, alleging civil rights violations resulting in

20  the death of their son.  They allege that their son died as a result of excessive force by the defendant

21  officers in violation of policies maintained by the San Jose Police Department. See Docket No. 5

22  ("First Amended Complaint" or "FAC"). To prosecute their case, plaintiffs seek to discover

23  documents from the defendant officers' personnel files related to complaints of misconduct and/or

24  internal affairs investigations into misconduct by the defendant officers. Docket No. 41

25  ("Stipulation"). Defendants objected to the disclosure of these documents, citing various privileges,

26  including the official information privilege under California Evidence Code §§ 1040 and 1043.

27  Docket No. 43, Exh. B. The parties filed a joint stipulation requesting the court to conduct an *in*

28  *camera* review, which the court declined, and directed the parties to comply with the undersigned's

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

Standing Order re Civil Discovery Disputes. Docket Nos. 41, 42. The parties then filed a Discovery

Dispute Joint Report ("DDJR") and submitted the documents at issue to the court for an *in camera*

review. The court suspects that the files submitted constitute the same set of materials the parties

sought to submit in the first instance.[1] Upon consideration of the DDJR and the documents

provided, the court orders defendants to produce any and all documents related to complaints and

internal affairs investigations of excessive force and force in general. Documents unrelated to force

need not be disclosed.

LEGAL STANDARD

The Federal Rules generally allow for broad discovery regarding "any nonprivileged matter

that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery

on any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1).

Federal common law recognizes a qualified privilege for official information, and officer's

personnel files are considered official information. <u>Kerr v. U.S. Dist. Ct. for the Northern Dist.</u>, 511

F.2d 192, 198 (9th Cir. 1975). In determining whether such information is privileged, courts conduct

a case by case balancing analysis in which the interests of the party seeking discovery are weighed

against the interests of the governmental entity asserting the privilege. <u>Kelly v. City of San Jose</u>, 114

F.R.D. 653, 660 (N.D. Cal. 1987). "At least in civil rights cases such as this one, this balancing test

'is moderately pre-weighted in favor of disclosure.'" <u>Randolph v. City of E. Palo Alto</u>, 2007 U.S.

Dist. LEXIS 89249, *3 (N.D. Cal. Nov. 20, 2007) (quoting <u>Kelly</u>, 114 F.R.D. at 661). Before the

privilege can even consider whether the official information privilege applies, defendants must

"formally assert" the privilege by filing an affidavit or declaration including all of the following:

(1) an affirmation that the agency generated or collected the material in issue and has in fact

maintained its confidentiality . . . , (2) a statement that the official has personally reviewed the

material in question, (3) a specific identification of the governmental or privacy interests that would

be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a description of how

disclosure subject to a carefully crafted protective order would create a substantial risk of harm to

---

[1] The parties *ignored* the court's order that their lawyers meet and confer in person in an attempt to resolve this dispute and blithely concluded that their obligation is excused by asking this court to do their work for them.

significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if the disclosure were made. Kelly, 114 F.R.D. at 670.

DISCUSSION

Both parties agree that relevant Ninth Circuit authority permits "the disclosure of the records of other complaints of misconduct by defendant officers." Docket No. 43, p. 9. Defendants cite three main reasons why the requests personnel records should not be disclosed. First, they claim that the official information privilege applies. Second, they claim that plaintiff's request for evidence of "misconduct" is so overbroad and vague as to include documents not relevant to the subject matter of this action. Third, they claim that the defendant officers have a right to privacy that would be violated by disclosure.

A.  Official Information Privilege

If defendants wish the court to consider the official information privilege, they must submit more than the minimal analysis contained in the DDJR. See Docket No. 43 at 9. Authority in this district clearly requires that defendants make a "substantial threshold showing," in the form of an affidavit or declaration attesting to the five topics listed above before this privilege can be considered. See, e.g., Kelly, 114 F.R.D at 669-70; Beckway v. Deshong, 2011 U.S. Dist. LEXIS 105530 (N.D. Cal. Sept. 19, 2011); Randolph v. City of E. Palo Alto, 2007 U.S. Dist. LEXIS 89249, *4-5 (N.D. Cal. Nov. 20, 2007). Until and unless the court receives the necessary attestations from defendants, it declines to consider the official information privilege.

Even if it were to consider the privilege, however, the court is deeply skeptical that it would apply because there is a high likelihood that information relating to prior complaints of excessive force by the defendant officers would lead to admissible evidence. See Randolph, 2007 U.S. Dist. LEXIS 89249 at *5 (finding it "highly unlikely the official information privilege would apply here because defendants' personnel records and documents relating to prior complaints of excessive force are quite likely to lead to the discovery of admissible evidence related to plaintiff's claims"). Additionally, "[i]n cases involving section 1983 claims, courts have repeatedly held that police personnel files and documents are relevant and discoverable." Carter v. City of Carlsbad, 2011 U.S.

Dist. LEXIS 14921, *19 (C.D. Cal. Feb. 15, 2011) (quoting <u>Green v. Baca</u>, 226 F.R.D. 624, 664 (C.D. Cal 2005)).

B.  <u>Relevance</u>

Defendants argue that because plaintiffs' request for documents related to "misconduct" is overbroad, it will result in the disclosure of documents that are not relevant to the subject matter of this action. Docket No. 43, Exh. B.  In the absence of a privilege, the test for determining whether material is discoverable is relevancy. Fed. R. Civ. P 26(b)(1). This rule is construed broadly and includes "any matter that bears on, any issue that is or may be in the case." <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1987). As discussed above, evidence in the personnel files of previous complaint of excessive force, as well as internal affairs investigations of the same are highly likely to lead to the discovery of admissible evidence, and therefore are assuredly relevant. Any materials in Lynch and Bachmann's personnel files that are clearly irrelevant could have been excluded by counsel during their meet-and-confer session prior to the filing of the DDJR. The court declines to comb through the extensive set of files submitted for *in camera* review to weed out material so clearly irrelevant that defendants can surely locate it themselves.

C.  <u>Privacy</u>

Defendants finally contend that their privacy rights would be violated by the disclosure of these documents. Defendants argue that their privacy concerns merit the same balancing analysis as a consideration of privilege. But this is a mischaracterization of <u>Kelly</u>, the case cited for the proposition. Rather, <u>Kelly</u> discusses the possibility that discovery requests "sometimes implicate[] rights of privacy that are not inconsequential," but that the competing interests in favor of disclosure justify the use of a qualified rather than absolute privilege. <u>Kelly</u>, 114 F.R.D at 660-61. As cited above, police personnel files in this type of action are frequently deemed admissible despite the possibility that some personal information will be disclosed. On balance, plaintiffs' likelihood of discovering admissible evidence that is unlikely to be discovered from another source outweighs the privacy concerns noted by defendants.

1    Defendants finally request that they be allowed to redact any "clearly confidential or private

2 information" from records ordered produced. Docket No. 43, p. 10. In the interests of protecting the

3 privacy of defendants and other individuals named in documents to be produced, social security

4 numbers and "clearly confidential" information about defendants and non-party individuals may be

5 redacted.

6    CONCLUSION

7    Having found no applicable privilege or privacy concerns, and finding that the requested

8 documents are very likely to lead to the discovery of admissible evidence, the court orders

9 defendants to disclose all documents relating to excessive force or similar claims, whether or not the

10 underlying facts are similar to the instant case. However, documents that do not involve force in

11 general need not be produced. The court declines to determine which of the 1200 pages defendants

12 provided for review meet the above standard, and entrusts that responsibility to defendants.

13    **IT IS SO ORDERED**

14

15 Dated: November 23, 2011

16    _____

     HOWARD R. LLOYD
     UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1    **C10-00953 Notice will be electronically mailed to:**

2    Vicki Ingrid Sarmiento        vsarmiento@vis-law.com
       Dale Kristopher Galipo        dalekgalipo@yahoo.com

3    Richard D. North        cao.main@sanjoseca.gov

4    **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

6